UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE LAWTONE-BOWLES,<br><br>       Plaintiff,<br><br>  -against-<br><br>THE CITY OF NEW YORK (NYC); THE CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION (DOT); THE CITY OF NEW YORK DEPARTMENT OF HEALTH (DOHMH); THE CITY OF NEW YORK DEPARTMENT OF FINANCE (DOF); THE CITY OF NEW YORK POLICE DEPARTMENT TRAFFIC AGENTS (TEA);  THE CITY OF NEW YORK OFFICE OF THE CORPORATION COUNSEL (LAW),<br><br>       Defendants. | 21-CV-5620 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Highland Falls, in Orange County, New York, appears *pro se*. She brings this action under the Americans with Disabilities Act, alleging that the City of New York failed to accommodate her disability in connection with her application for a disabled person parking permit. By order dated June 29, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Nicole Lawtone-Bowles alleges the following facts. Plaintiff has been disabled since 2008. (ECF 2 at 5.) She is "permanently disable[d] with bilateral knee [sic] and ha[s]

2

recently been diagnos[ed] with [f]ibromyalgia," which causes her "widespread musculoskeletal pain, accompanied by fatigue, sleep, memory and mood issues." (*Id.*)

As a result of injuries during the period when Plaintiff worked as a motor vehicle operator for the New York City Department of Social Services "Homeless Division," in 2019, her condition has worsened. (*Id.*) She has a "handicap equipped" vehicle, and her sons or caregivers drive her to medical appointments in New York City. (*Id.*) Plaintiff cannot "take public transportation because [she] suffer[s] from anxiety." (*Id.* at 6.) Plaintiff has "been force[d] to spend money on Uber and Lyft because of not being able to park [her] handicap equipped vehicle." (*Id.*)

Plaintiff applied to the New York City Department of Transportation (DOT) for renewal of her disabled person parking permit, but her application was denied; she states that her claims arose on June 25, 2021 – the same day that she filed this complaint – "per phone call from Catherine Messina," whose position is not specified. (*Id.* at 6.) Plaintiff does not specify the basis for the DOT's denial of her application but states that "[t]he City of New York Department of Health and Mental Hygiene (DOHMH) has refuse[d] to certify [Plaintiff] as permanently disable[d] so [she] can have [a] permit parking." (*Id.*)

Plaintiff refers to District Judge William H. Pauley III's order in her employment discrimination suit against the City of New York, *Lawtone-Bowles v. City of New York*, ECF 1:17-CV-8024, 45 (WHP) (S.D.N.Y. Feb. 15, 2019). In that action, Plaintiff sued the City of New York under Title 1 of the ADA, asserting claims for, among other things, failing to accommodate her disability. The City of New York moved to dismiss Plaintiff's second amended complaint, and Judge Pauley held, in relevant part, as follows:

> At this early stage in the litigation, a *pro se* complaint must be given the benefit of
> the doubt, and however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94
(2007). The Complaint sets forth sufficient facts to plausibly suggest that DHS
personnel could have taken action to accommodate Lawtone-Bowles's disability
and simply failed to do so. Thus, the City's motion to dismiss Lawtone-Bowles's
failure to accommodate claims is denied.

*Lawtone-Bowles*, ECF17-CV-8024, 45, at 12.

In the February 15, 2019 order, Judge Pauley dismissed with prejudice Plaintiff's federal,

state, and city law claims for discrimination, hostile work environment, and retaliation, and

denied, in part, the motion to dismiss, solely as to the failure-to-accommodate claim. Thereafter,

the parties settled as to the remaining claim, and the action was discontinued. *Lawtone-Bowles*,

ECF 17-CV-8024, 56.

Here, Plaintiff seeks damages and asks that "Judge Pauley['s] order be enforced by all the

defendants to provide [her] with reasonable accommodations without restrictions." (ECF 2 at 6.)

## DISCUSSION

Plaintiff argues that New York City should have provided her with "reasonable

accommodations" for her disability by renewing her disabled person parking permit, and the

Court therefore construes her claim as arising under Title II of the ADA, 42 U.S.C. §§ 12131–

12134, which prohibits discrimination by public entities in the provision or operation of public

services, programs, or activities. [1] *See Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). More

specifically, the Court understands that Plaintiff is asserting that she is entitled to a reasonable

modification to New York City's rules and procedures for obtaining a Special Vehicle

---

[1] Plaintiff's claim that she was denied a Special Vehicle Permit does not arise under Title
I of the ADA because, unlike her prior suit before Judge Pauley, these claims are unrelated to
Plaintiff's employment. These claims also do not arise under Title III of the ADA, because a
parking permit is not a public accommodation. *See* 42 U.S.C. § 12181(7) (defining public
accommodations).

4

Identification Parking Permit ("Special Vehicle Permit").[2]

## A.     Title II of the ADA

Title II defines "public entity" to include state and local governments, as well as their agencies and instrumentalities. *Lane*, 541 U.S. at 517 (citing 42 U.S.C. § 12131(1)). It defines a qualified individual with a disability as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). Title II's enforcement provision incorporates by reference § 505 of the Rehabilitation Act of 1973, which authorizes private citizens to bring suits for money damages. 42 U.S.C. § 1213; *see Lane,* 541 U.S. at 517.

Title II provides as follows:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

To state a claim under Title II, a plaintiff must allege "'(1) that she is a qualified individual with a disability; (2) that she was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to her disability.'" *Tardif v. City of New York*, 991 F.3d 394, 404 (2d Cir. 2021) (quoting *Davis v. Shah*, 821 F.3d 231, 259 (2d Cir. 2016)).

---

[2] Under the rules of the City of New York, "Special Vehicle Identification Parking Permits (SVIPP) [are] also known as Parking Permits for People with Disabilities (PPPD)." Title 24, RCNY, §16-01.

Disability for purposes of the ADA is construed broadly "in favor of expansive coverage." 28 C.F.R. § 35.108; *Woolf v. Strada*, 949 F.3d 89, 94 (2d Cir. 2020) ("The principal purpose of the [amendments to the ADA in the] ADAAA was to overrule the Supreme Court's arguably narrow interpretation of what constitutes an ADA-qualifying disability . . . and to make clear that the substantial-limitation requirement in the definition of 'disability' is not an exacting one."). Disability includes having a "physical or mental impairment that substantially limits one or more of the major life activities," § 35.108(a)(1)(i), having a "record of such impairment," § 35.108(a)(1)(ii), or "[b]eing regarded as having such an impairment," § 35.108(a)(1)(iii).

A plaintiff may base a Title II claim on any of three theories of liability: disparate treatment (intentional discrimination), disparate impact, or failure to make a reasonable accommodation. *See Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009). "[T]he ADA's reasonable modification requirement contemplates modification to state laws, thereby permitting preemption of inconsistent state laws, when necessary to effectuate Title II's reasonable modification provision." *Mary Jo C. v. New York State & Loc. Ret. Sys.*, 707 F.3d 144, 163 (2d Cir. 2013). A reasonable modification is one that, among other things, does not "fundamentally alter the nature of the service, program, or activity." *Powell v. National Bd. of Medical Examiners*, 364 F.3d 79, 88 (2d Cir. 2004); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661 (2001) (reasoning that disabled golfer's use of golf cart would not fundamentally alter athletic event because the essence of golf is "shot-making" and rule requiring walking was peripheral).

B.      **Plaintiff's request for a Special Vehicle Permit**

Defendant City of New York, as a local government, is a "public entity" subject to suit under Title II of the ADA. *See* 42 U.S.C. § 12131(1)(A). Plaintiff alleges that she is permanently disabled with knee problems and fibromyalgia, and she includes facts about how this interferes with her sleep, memory, mood, and mobility. (ECF 2 at 5.) The Court assumes without deciding

6

that at this stage, Plaintiff adequately pleads that she has a disability within the meaning of the ADA.

It is unclear, however, if Plaintiff is a "qualified individual" who either (1) "meets the essential eligibility requirements," 42 U.S.C. § 12131(2), for participation in the Special Vehicle Permit program, or (2) could do so with "reasonable modifications to rules, policies, or practices," *id*.

NYC does not have on-street parking spaces reserved for disabled individuals; instead, NYC extends additional on-street parking privileges for individuals who meet DOHMH regulations, allowing Special Vehicle Permit holders to park in areas prohibited to the general public. 34 RCNY § 4-08(d)(3); 24 RCNY, Ch.16. The New York City Charter sets forth rules for awarding disabled people Special Vehicle Permits for New York City:

> The [DOT] commissioner shall issue a special vehicle identification parking permit to a New York city resident who requires the use of a private automobile for transportation and to a non-resident who requires the use of a private automobile for transportation to a school in which such applicant is enrolled or to a place of employment, when such person has been certified by the department of health and mental hygiene or a provider designated by the department or the department of health and mental hygiene, who shall make such certification in accordance with standards and guidelines prescribed by the department or the department of health and mental hygiene, as having a permanent disability seriously impairing mobility.

N.Y.C. Charter § 2903(a)(15)(a). An individual whose application for a Special Vehicle Permit is denied may appeal DOHMH's denial of certification "within thirty business days of service of the decision denying the certification upon the applicant, on a form received with the decision." Title 24, RCNY Ch. 16, § 16-05. The determination of such an appeal is final "when it is adopted by the [DOHMH]." (*Id.*)

Here, Plaintiff alleges that she resides outside New York City (ECF 2 at 2); she is on leave from her employment (ECF 1 at 1); and DOHMH "has refuse[d] to certify [her] as

7

permanently disabled"[3] (ECF 2 at 5). Plaintiff does not plead facts about the basis for

DOHMH's denial of certification, whether she appealed, or whether a final decision has issued

on appeal.[4]

An applicant need not meet all of a program's "formal legal eligibility requirements" to

be a qualified individual – only the essential ones. *Mary Jo C.*, 707 F.3d at 161 ("[T]he district

court's view that the ADA's reference to 'essential eligibility requirements' necessarily refers to

each and every formal legal eligibility requirement imposed for participation in a public program

or benefit is mistaken."). Here, it is unclear on what basis the DOT denied Plaintiff a Special

Vehicle Permit – whether it was because she did not meet requirements that applicants live,

work, or study in New York City, or because the DOHMH denied Plaintiff certification, or for

some other reason or combination of reasons. Plaintiff thus has not pleaded sufficient facts to set

forth the nature of her challenge to New York City's Special Vehicle Permit program.

---

[3] The conditions that constitute "permanent disabilities that seriously impair mobility" for purposes of § 2903(a)(15)(a) of the New York City Charter, are set forth in the Rules of the City of New York, Title 24, Ch. 16, § 16-02. Qualifying disabilities include "(a) Complete monoplegia or paraplegia of lower extremities; (b) Above ankle amputation of lower extremities, at the discretion of the examining physician. Well-fitted below the knee prosthesis with normal ambulatory gait should not routinely be regarded as mobility impaired. (c) Arthritis of two major weight bearing joints [together with additional listed conditions] . . . ." Title 24, RCNY Ch. 16, § 16-02.

New York State has its own criteria for disabled parking permits. To qualify for a New York State permit, an individual must: have limited or no use of one or both legs; have a neuro-muscular dysfunction which severely limits mobility; have another physical or mental disability which makes the use of public transportation difficult; or be legally blind. N.Y. Veh. & Traffic Law § 404A.

[4] Exhaustion requirements can be excused when exhaustion would be futile because the administrative procedures do not provide an adequate remedy. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 249 (2d Cir. 2008). Here, Plaintiff has not pleaded facts showing that it would be futile to appeal DOHMH's denial of medical certification. It is unclear whether, on appeal, be able to establish her eligibility for the parking permit program.

Moreover, to successfully plead a claim for failure to make a reasonable accommodation, a plaintiff must also suggest a plausible method for remedying that lack of access to a given government resource. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 280 (2d Cir. 2003). In *Meekins v. City of New York*, 524 F. Supp. 2d 402 (2007), for example, plaintiffs brought a putative class action under Title II of the ADA on behalf of disabled persons who held disability parking permits issued by a government entity, but who did not qualify for the New York City Special Vehicle Permit because they did not live, work, or study in New York City. Class members were seeking reasonable access to medical and cultural resources and programs in New York City – not asking to be granted permits under New York City's program. Plaintiffs proposed that members of the class be permitted to park for a limited amount of time in spaces made available to Special Vehicle Permit holders. The district court reasoned that, by suggesting a "plausible accommodation, the costs of which, facially, do not clearly exceed its benefits," the plaintiffs had made out a prima facie showing that a reasonable accommodation was available. *Id.* at 109 (relying on *Henrietta D.*, 331 F.3d at 280). Because it required factual development to resolve whether a proposed accommodation would be unduly difficult to implement, the district court in *Meekins* denied the defendant's motion to dismiss the reasonable accommodation claim.

Here, Plaintiff relies on the November 2019 decision in her employment discrimination suit against the City of New York, and asks that "Judge Pauley['s] order be enforced by all the defendants to provide [her] with reasonable accommodations without restrictions." (ECF 2 at 6.) On its face, Plaintiff's request that Defendants provide "accommodations without restrictions" is insufficient to show that a reasonable accommodation is available. To the extent that Plaintiff asks that Defendants grant her a permit whether or not she meets the medical or other criteria, or that the City of New York alter its medical criteria, this is insufficient to allege that a reasonable

accommodation that would not fundamentally alter the program is available. *See Doe v. Pfrommer*, 148 F.3d 73, 84 (2d Cir. 1998) (holding that the ADA does not "establish an obligation to meet a disabled person's particular needs vis-à-vis the needs of other [disabled] individuals.").[5] For all of these reasons, Plaintiff fails to state a claim on which relief can be granted under Title II of the ADA.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the ADA, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should

---

[5] If Plaintiff is alleging that she should be awarded a permit without meeting medical criteria, such allegations also do not satisfy the causation requirement. *See Tardif*, 991 F.3d at 405 (plaintiffs must establish that their "disabilities were a substantial cause of their inability to obtain services," rather than "so remotely or insignificantly related to their disabilities as not to be 'by reason' of them").

include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. The Court also notes that although the DOHMH can be sued in its own name, NYC Charter Ch. 22, § 564 ("The department may sue and be sued in and by the proper name of 'Department of Health and Mental Hygiene of the City of New York' . . ."), most New York City agencies cannot and must be sued in the name of the City of New York, N.Y. City Charter ch. 17, § 396.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-5620 (LTS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  July 12, 2021
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
       (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial            Last Name

_____

Street Address

_____

County, City                          State                   Zip Code

_____

Telephone Number                      Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                   Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                   Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                   Zip Code

Defendant 4: _____

First Name                           Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.